IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAYA HAVUL, | : | |
|       Plaintiff, | : | CIVIL ACTION |
| | : | No. 20-1939 |
|       v. | : | |
| | : | |
| LOWE'S HOME CENTERS, LLC and | : | |
| LOWE'S COMPANIES, INC., | : | |
|       Defendants. | : | |
| | : | |

**McHUGH, J.**                                                                                                                                                                            **May 22, 2020**

## MEMORANDUM

      This is a tort action in which the pending question is whether Defendants' removal was timely. Plaintiff Maya Havul sued Lowe's in the Philadelphia Court of Common Pleas after she slipped and fell inside a Lowe's store in Trevose, Pennsylvania. Lowe's did not immediately remove the case from state court but did so after receiving a settlement demand that included far more extensive detail concerning the value of her claim than was included in the Complaint.

      Havul now moves to remand, contending that removal was untimely because Defendants had sufficient notice of the value of her claim upon service of her Complaint, and were therefore required to invoke federal jurisdiction within thirty days of service. Lowe's responds that until receipt of Havul's settlement demand, it was not clear that the amount in controversy met the threshold for diversity jurisdiction. I agree with Lowe's, and the motion to remand will be denied.

      Havul alleges that in June 2019, she slipped and fell inside the Lowe's store after stepping in an unknown substance on the floor. (Pl. Compl. ¶¶ 6-8, Notice of Removal, Ex. B, ECF 1-1.) Havul pleaded her injuries as follows:

> As the direct and proximate result of this accident, Plaintiff sustained multiple and various injuries over her entire body and extremities, including but not limited to a fractured nose, along with severe shock and damage to her nerves and nervous system, all or some of which injuries are or will prove to be of a permanent nature and character, and all of which has resulted in Plaintiff suffering great pain and mental anguish, to her damage and loss.

(*Id*. ¶ 15.)  Havul further alleged that those injuries rendered her unable to "attend to her daily chores, duties and avocations" and "forced [her] to seek medical attention."  (*Id*. ¶¶ 16-17) (alteration added).  Although not alleged in the Complaint, Havul now asserts that the fall was captured on video, and store employees witnessed her transportation from the scene by ambulance (Mot. Remand ¶ 19, ECF 5), facts that Lowe's does not dispute (Lowe's Resp. Mem., at 4-5, ECF 6-1).

Havul filed her Complaint in the Philadelphia County Court of Common Pleas on December 19, 2019, seeking damages in excess of $50,000.[1]  (Notice of Removal ¶ 1, ECF 6.) Lowe's received service of the Complaint on January 6, 2020 (*Id*. ¶ 2) and filed its Answer on February 20, 2020 (*Id*. ¶ 4).  Later, on March 18, 2020, Havul forwarded to Lowe's detailed medical records documenting her injuries and demanded $175,000 to settle the case.  (*Id*. ¶ 5.) The demand letter from her counsel showed that Havul obtained detailed diagnoses of serious medical conditions and also revealed for the first time that she had received significant treatment, including surgery, months before filing the Complaint.  Specifically, Havul saw ear, nose, and throat specialist Lee H. Miller, M.D., on June 7, 2019, and Dr. Miller diagnosed plaintiff with a deviated nasal septum that required surgical intervention.  (Pl.'s Demand Letter, Ex. C to Notice

---

[1] Pennsylvania Rule of Civil Procedure 1021(b) provides that "[a]ny pleading demanding relief for unliquidated damages shall not claim any specific sum."  Because Havul filed in Philadelphia County, which "ha[s] rules governing compulsory arbitration," Havul could only indicate "whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration," which is $50,000.  *Id*. at § 1021(c); Phila. Cty. Ct. Com. Pl. R. 1301.

of Removal, at 4, ECF 1-3.)  Havul had the recommended surgery on June 12, 2019, performed by Brett Moses, M.D., of the Ambulatory Surgery Center.  (*Id*. at 5.)  And Havul saw a plastic surgeon and a neurologist to address issues that remained unresolved by the surgery, including post-concussion syndrome, cervical strain and sprain, loss of smell, post-nasal drip, and snoring.  (*Id*. at 6-7.)  Lowe's contends that this additional detail about Plaintiff's injuries and treatment marked the first time it could accurately assess the potential value of her claim, and a Notice of Removal was filed within thirty days of receipt of the demand.

A defendant may remove "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."[2]  28 U.S.C. 1441(a).  The party seeking removal "bears the burden of showing that at all stages of the litigation the case is properly before the federal court."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

Once the initial pleading has been filed, there are potentially two separate 30-day windows within which a defendant may remove a case to federal court.  The first window opens when a defendant receives service of the initial pleading.  28 U.S.C. 1446(b)(1).  But that window opens only if the initial pleading provides the defendant with "adequate notice of federal jurisdiction."  *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *overruled on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344

---

[2] Diversity jurisdiction provide such a basis for removal.  A federal court has diversity jurisdiction over a dispute between "citizens of different states" where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. 1332(a)(1).

(1999).  As stated by the Court of Appeals, whether notice has been provided "begins and ends within the four corners of the pleading." *Id.* at 53.  "The inquiry is succinct:  whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present."  *Id.*  Accordingly, "the relevant test is not what the defendants purportedly knew, but what [the] documents said."  *Id.* at 54; *accord Samuel-Bassett*, 357 F.3d at 398-99 ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.").  Because the parties acknowledge that diversity of citizenship exists, the issue is whether the Complaint informed Lowe's "to a substantial degree of specificity" that the amount in controversy met the minimum requirement and, thus, established federal jurisdiction.

*__The case was not removable during the first 30-day window.__*  Havul's Complaint contains boilerplate language that alleges only one specific injury:  a fractured nose.  In Havul's view, because "[i]t is common knowledge that nasal fractures require surgery," that allegation "alone is a clear indication [her] claim" exceeded the jurisdictional minimum.  (Pl.'s Remand Mem., at 14-15, ECF 5-1.)  I disagree.  I do not accept the proposition that it is "common knowledge" nasal fractures invariably require surgery.  If anything, the reverse is true, because even a cursory review of readily available and reputable sources makes clear that treatment of such fractures varies depending on a number of factors.[3]

Havul relies upon *Roth v. Target Corp.*, 2019 WL 2177653 (E.D. Pa. May 20, 2019), but that case is readily distinguishable because the complaint there pleaded that the plaintiff not

---

[3] *See, e.g.*, Harvard Health Publishing, *Broken Nose (Nasal Fracture)* (May 2019), https://www.health.harvard.edu/a_to_z/broken-nose-nasal-fracture-a-to-z.

only fractured *both* elbows but also had *surgery* to repair them.  *Id*. at *2.  Here, Havul possessed meaningful information about the value of Havul's case, but unlike in *Roth*, Havul did not plead it in the Complaint.  And Havul does not dispute that Lowe's first learned about that additional information in her demand letter.

I therefore conclude that Havul's Complaint did not inform Lowe's "to a substantial degree of specificity" that this case was eligible for federal jurisdiction, and therefore the Complaint did not trigger the first 30-day window.  *Foster*, 986 F.2d at 53.

***Lowe's timely removed the case after receiving Havul's settlement demand.***  If the initial pleading fails to notify the defendant of federal jurisdiction, a second 30-day window for removal opens when the defendant receives "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. 1446(b)(3) (emphasis added).  Though the Third Circuit has not defined "other paper," courts in this District "have concluded that 'other paper' is an 'inclusive phrase that covers a wide array of documents.'"  *Bishop v. Sam's E., Inc.*, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) (Surrick, J.) (quoting *Brown v. Modell's PA II, Inc.*, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008)); *see also CPR Restoration & Cleaning Servs., LLC v. Fedorowycz*, 2009 WL 1012467, at *2 (E.D. Pa. Apr. 14, 2009) (Jones, J.); *Efford v. Milam,* 368 F. Supp. 2d 380, 384 (E.D. Pa. 2005) (Yohn, J.) (noting that "the majority of courts have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope").  Among those documents are settlement demands made after filing suit that include particularized information about a plaintiff's damages.  *See Broderick v. Dellasandro*, 859 F. Supp. 176, 178-80 (E.D. Pa. 1994) (Bartle, J.) (construing post-complaint settlement demands as "other paper" effectuates the statute's purpose to start the clock once the defendant "receives

actual notice that the case has become removable"); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731 (Rev. 4th ed.) (noting that "requisite notice of removability may be communicated to defendants in either a formal or an informal manner").  I am satisfied that Havul's demand letter and accompanying medical records qualify as "other paper" within the meaning of § 1446(b)(3) and may properly be considered in determining the timeliness of removal.

Plaintiff cites a series of older district court decisions, none from within the Third Circuit, suggesting that a defendant has a duty to investigate the potential value of a claim.  The most recent case—*Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 659 (E.D.N.C. 1992)—is close to thirty years old, and federal courts have not widely embraced such a rule.[4]  Furthermore, the Third Circuit has declined to recognize such a duty.  *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 n.13 (3d Cir. 2014) (noting with approval that "[t]he majority of our sister circuits have concluded that the 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.") (citing *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013)); *accord Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 n.10 (3d Cir. 2016) (citing *Foster* rule in support of the proposition that a defendant has no duty to investigate beyond the complaint).

Havul's demand letter sent March 18, 2020, constituted the first "paper" that revealed with a substantial degree of specificity that the jurisdictional amount in controversy was

---

[4] In fact, as to each of the older district court cases which Havul cites from other jurisdictions, in the years since those cases were decided, the circuits encompassing those districts have "adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering pleading or other paper and, with respect to the jurisdictional amount in particular, requires a specific, unequivocal statement from the plaintiff regarding the damages sought." *Walker*, 727 F.3d at 824 (collecting cases).

satisfied. Because Lowe's filed its Notice of Removal on April 16, 2020, removal is timely. An appropriate order follows.

/s/ Gerald Austin McHugh<br>
United States District Judge